IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
DIVISION

| | |
|---|---|
| JOHN DOE, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| ATLANTA FAMILY LAW GROUP LLC AND ELLARETHA COLEMAN, INDIVIDUALLY. | |
| Defendants. | |

## COMPLAINT FOR DAMAGES

COMES NOW, John Doe ("Plaintiff"), by and through his undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendants Atlanta Family Law Group LLC ("Defendant AFL") and Ellaretha Coleman, Individually, ("Defendant Coleman" or "Coleman"), (collectively "Defendants"), for violations of his rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA").

## JURISDICTION AND VENUE

### 2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 42 U.S.C. § 2000e-5(f).

### 3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

### 4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADA. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 21, 2023; the EEOC issued its Notice of Right to Sue on December 18, 2023.

### 5.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

### 6.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

### 7.

At all times relevant, Defendants were qualified and licensed to do business in Georgia, and at all times material hereto have conducted business within this District.

### 8.

At all such times, Plaintiff was an "employee" of Defendants as defined under the ADA at 42 U.S.C. § 12111(4). During all times relevant hereto, Defendants employed fifteen (15) or more employees for the requisite duration under the ADA. Defendants are therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

### 9.

Defendant AFL may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Ellaretha Coleman located at 101 Marietta Street NW, Suite 3650, Atlanta, GA 30303.

10.

Defendant Coleman was, at all times relevant to this Complaint, the Sole Proprietor of the Atlanta Family Law Group.  Ms. Coleman may be served with process at her place of employment, located at 101 Marietta Street NW, Suite 3650, Atlanta, GA 30303.

## FACTUAL ALLEGATIONS

11.

Plaintiff began working for Defendants in or about September 2022 as a receptionist.

12.

In December 2022, Firm owner, Ellaretha Coleman ("Coleman"), promoted the Plaintiff to legal assistant. He was also given a raise.

13.

During a meeting in April 2023, Plaintiff became informed by managing attorney, Patricia McKenzie Edwards ("Edwards"), that he was now a lead legal assistant. At this time, he was fulfilling office manager duties for the firm as well.

14.

In or around the first week of May 2023, Plaintiff disclosed to Coleman and Edwards that he was HIV positive.

15.

Plaintiff informed Coleman and Edwards of his condition because his doctor was modifying his treatment regimen, which could cause health complications.

16.

Plaintiff further informed Coleman and Edwards that he was putting them on notice of his condition, in the event any problems were to arise with the implementation of his new medication, they would be aware in advance.

17.

On or around May 28, 2023, Coleman went on a 45-day vacation out of the country.

18.

Soon after informing Coleman and Edwards of his status, Edwards's demeanor towards him changed.

19.

Prior to informing them of his status he was Edwards's go-to person for any and everything, but that quickly changed to little or no communication from her at all.

20.

In June 2023, Edwards informed the Plaintiff he was too involved with the matters of other employees and needed to focus on his work.

21.

Plaintiff was involved with other employees' matters because he was the office manager and employees came to him to voice their concerns.

22.

Plaintiff began to lose access to firm operating systems, i.e. Vonage, Clio, and Lawpay, required to complete his daily duties.

23.

Plaintiff was not informed of the reason for losing access.

24.

Plaintiff inquired about his loss of access and was told by Edwards that she allegedly was unaware of this, but she was aware that Coleman was making some firm changes.

25.

Plaintiff was the only legal assistant who lost access to those systems.

26.

Other employees noticed the change in management's behavior towards Plaintiff.

27.

Other employees questioned Plaintiff about the change in management's behavior toward Plaintiff.

28.

Soon after Coleman returned from vacation, on July 21, 2023, the Plaintiff was terminated.

29.

Plaintiff was terminated via text message by newly hired Operations Director, William Manning ("Manning").

30.

Manning informed the Plaintiff that the reason for termination was excessive tardies, call outs, and that he was not a "cultural fit."

31.

Plaintiff was also sent a separation notice which specified that he was terminated for the following reasons: excessive tardiness and callouts, not a "cultural fit," and missing critical job training.

32.

Although Defendants purport to provide a legitimate non-discriminatory reason for the adverse action, that reason is a pre-text.

33.

Plaintiff was an individual with a disability, as defined by the Americans with Disabilities Act, ("ADA") as amended.

34.

Plaintiff requested a reasonable accommodation of disability.

35.

Specifically, Plaintiff requested time off for days he would be unable to report to work due to reactions from the change in his medical treatment.

36.

Defendants failed to engage in the interactive process with Plaintiff, even though doing so would not have been an undue hardship.

37.

Defendants terminated Plaintiff because he had a record of a disability and/or because they regarded him as disabled.

38.

But for Plaintiff's disability status and/or request for a reasonable accommodation of the same, Plaintiff would not have suffered the adverse employment action.

39.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of his protected class, i.e. non-disabled employees and/or employees who did not request a reasonable accommodation for his disability.

## CLAIMS FOR RELIEF

## COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA

40.

Plaintiff re-alleges paragraphs 11-39 as if set forth fully herein.

41.

Plaintiff had a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, working, and standing.

42.

Plaintiff's physical impairment is a "disability" within the meaning of the Americans with Disabilities Act ("ADA"), as amended.

43.

Defendants were aware of Plaintiff's disability.

44.

Defendants regarded Plaintiff as having a disability such that Plaintiff is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

45.

Plaintiff has a record of having a disability and/or perceived disability such that he is a person with a disability within the meaning of the ADA, as amended.

46.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

47.

Defendants terminated Plaintiff's employment because of his disability, perceived disability, or record of having a disability.

48.

Defendants terminated Plaintiff's employment because of his accommodation requests.

49.

By terminating Plaintiff's employment because of his disability, perceived disability, or record of having a disability, Defendants violated the ADA, as amended.

50.

Although Defendants purport to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

51.

Defendants treated other employees outside Plaintiffs' protected class differently.

52.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

53.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination against Plaintiff was undertaken in bad faith.

54.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his disability.

55.

As a direct and proximate result Defendants' violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

56.

As a result of Defendants' discriminatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

57.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

58.

Defendants discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, have not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

59.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT II:  RETALIATION IN VIOLATION OF THE ADA

60.

Plaintiff re-alleges paragraphs11-39 as if set forth fully herein.

61.

Plaintiff has a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

62.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

63.

Defendants were aware of Plaintiffs' disability.

64.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

65.

Defendants terminated Plaintiff's employment because of his disability, perceived disability, or record of having a disability.

66.

Defendants terminated Plaintiff's employment because he engaged in protected activity under the ADA by requesting a reasonable accommodation for his disability.

67.

Defendants retaliated against Plaintiff by terminating his employment for engaging in protected activity under the ADA.

68.

Defendants willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

69.

As a result of Defendants' unlawful actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

70.

Pursuant to the ADA, as amended, Plaintiff is entited to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, punitive damages, equitable relief, attorney's fees, costs of litigation, and all other relief recoverable under the ADA.

71.

Defendants discriminated and retaliated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

72.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which Plaintiff may be entitled.

Respectfully submitted this 13th day of February, 2024.

**BARRETT & FARAHANY**


s/ *Constance Cooper*
Constance Cooper
Georgia Bar No. 469041

Counsel for Plaintiff Donsha Tucker

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
constance@justiceatwork.com